**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Eduardo Suarez Villa, | Case No. 24-cv-1584 (JRT/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

---

In 2017, petitioner Eduardo Suarez Villa pleaded guilty in the United States District Court for the Southern District of Florida to one count of conspiracy to possess with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70506(b). *See United States v. Suarez v. Villa*, No. 1:17-CR-20656-RNS-3 (S.D. Fla.). Mr. Suarez Villa was later sentenced to a 120-month term of imprisonment—a term of imprisonment that he is now serving at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").

Mr. Suarez Villa has filed a petition for a writ of habeas corpus alleging that he is innocent of the offense to which he pleaded guilty, that the United States lacked jurisdiction to prosecute him because he had been apprehended in international waters, and that his constitutional rights were violated during his arrest and subsequent prosecution. (*See generally* Doc. 1.) Mr. Suarez Villa also alleges that the United States Coast Guard seized

1

his vessel and later destroyed it without due process of law, and he would like to be compensated for his loss. (*See id.*)

This matter is before the court on review of Mr. Suarez Villa's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, this Court concludes that it lacks jurisdiction over the habeas petition. Accordingly, it is recommended that the petition be denied without prejudice and that this matter be dismissed.

The bulk of Mr. Suarez Villa's habeas petition amounts to a collateral attack on the validity of his conviction and sentence. But this is not the appropriate venue, and a petition for a writ of habeas corpus is not the appropriate procedural vehicle, through which to launch such a collateral attack. Federal prisoners generally are precluded from attacking the validity of a conviction or sentence through a petition for a writ of habeas corpus unless the alternative remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *See* 28 U.S.C. § 2255(e). Mr. Suarez Villa offers no reason to believe that § 2255 is or would have been[2] an inadequate or ineffective procedural vehicle through which to raise his claims in the Southern District of Florida attacking the legality of his conviction. The exclusive-remedy rule of § 2255(e) is jurisdictional, *see*

---

[1] Although Mr. Suarez Villa's habeas petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).
[2] It may be too late for Mr. Suarez Villa to file a motion under § 2255 now. *See* 28 U.S.C. § 2255(f) (establishing one-year limitations period). But the fact that a defendant has waited too long to seek relief under § 2255 is not enough to render the remedy provided by § 2255 "inadequate or ineffective" for purposes of § 2255(f). *See United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000).

*DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), and the Court must dismiss any aspect of Mr. Suarez Villa's habeas petition challenging his conviction or sentence.

Aspects of Mr. Suarez Villa's habeas petition, however, do not amount to a collateral attack on his conviction or sentence. For example, whether Mr. Suarez Villa's property was wrongfully seized and destroyed does not necessarily implicate the lawfulness of his conviction and therefore is not precluded by the exclusive-remedy rule of § 2255(e). But here, Mr. Suarez Villa runs into a different jurisdictional problem. "When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-cv-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) (citing *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014) and *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)). Habeas corpus is reserved for challenges to the legality of the fact or duration of confinement and cannot be invoked to challenge unlawful seizure or destruction of property, as Mr. Suarez Villa seeks to do here. Such a claim could be brought only through a non-habeas civil action.[3]

---

[3]In some cases, a court may reinterpret a habeas petition as a complaint raising non-habeas civil claims. *See Spencer*, 774 F.3d at 471. Such a reinterpretation here would be prejudicial to Mr. Suarez Villa, as he has not stated a claim on which relief may be granted against the United States, the lone opposing party named to this litigation. Put another way, reinterpretation of the habeas petition as a complaint would lead only to another form of dismissal—and would cost Mr. Suarez Villa another $350.00 in the process. *See* 28 U.S.C. § 1915(b). The dismissal of the claim on jurisdictional grounds is a more favorable outcome to Mr. Suarez Villa than the alternative.

3

Accordingly, the Court lacks jurisdiction over the entire habeas petition, which should therefore be denied without prejudice.

## RECOMMENDATION

Based on all the files, records, and proceedings above, **IT IS RECOMMENDED** that:

1. Petitioner Eduardo Suarez Villa's petition for a writ of habeas corpus (Doc. 1) be **DENIED WITHOUT PREJUDICE**; and

2. This matter be **DISMISSED**.

Dated: May 15, 2024         _s/Douglas  L. Micko_____
                            DOUGLAS L. MICKO
                            United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a with copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).